IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

MELODY ZEATLOW,

                Plaintiff,
   v.                                                   OPINION and ORDER

NANCY A. BERRYHILL,                           18-cv-570-jdp
  Acting Commissioner of Social Security,

                Defendant.
───────────────────────────────────────────────

Plaintiff Melody Zeatlow seeks judicial review of a final decision of defendant Nancy Berryhill, Acting Commissioner of the Social Security Administration, finding Zeatlow not disabled within the meaning of the Social Security Act. The administrate law judge (ALJ), Michael Schaefer, concluded that Zeatlow suffered from several impairments, but that she was not disabled because she retained the capacity to perform some sedentary work, including packaging jobs.

Zeatlow raises only one issue on appeal. She says that the ALJ found that Zeatlow suffers from "moderate" limitations related to "concentration, persistence, and pace," but failed to include that finding in Zeatlow's residual functional capacity. But Zeatlow hasn't identified any particular limitations that are missing from the ALJ's RFC, so the court will affirm the commissioner's decision.

ANALYSIS

Zeatlow's 24-page brief has less than a page of argument. (The rest is mostly a recitation of Zeatlow's testimony at the administrative hearing, but the testimony is not relevant to her appeal.) Her argument is straightforward. She says that: (1) the ALJ found that she suffered

from "no more than" moderate limitations in concentration, persistence, and pace; (2) the ALJ "attempt[ed] to accommodate" those limitations by restricting her to "routine tasks" with "simple instructions"; and (3) the Court of Appeals for the Seventh Circuit has held that "limiting the claimant to simple routine work does not accommodate moderate limitations in concentration, pace or persistence," Dkt. 10, at 23 (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010)).

Zeatlow's second and third premises are both incorrect. The court of appeals did not hold in *O'Connor-Spinner* that a restriction to "simple routine work" is never an accurate reflection of moderate limitations in concentration, persistence, or pace. Rather, the court held that the ALJ's RFC assessment in *that* case was not an accurate reflection of the plaintiff's limitations.

Zeatlow's interpretation of *O'Connor-Spinner* rests on the assumption that the phrase "moderate limitations in concentration, persistence, and pace" means the same thing across all cases, but that is incorrect. As this court has explained before, "the phrase is simply a general category" that "must be translated into particular limitations"; the phrase "does not necessarily communicate . . . what a claimant can or cannot do." *Rossenbach v. Colvin*, No. 13-cv-435, 2014 WL 1729096, at *2 (W.D. Wis. Apr. 30, 2014). When the court of appeals has concluded that an ALJ erred by failing to incorporate limitations related to concentration, persistence, and pace, it is not because the ALJ failed to use particular "magic words" in her decision. *Cihlar v. Berryhill*, 706 Fed. Appx. 881, 884 (7th Cir. 2017). Rather, it is because the ALJ failed to account for evidence that supported a particular limitation. *E.g., Lanigan v. Berryhill*, 865 F.3d 558, 566 (7th Cir. 2017); *Taylor v. Colvin*, 829 F.3d 799, 802 (7th Cir. 2016). Thus, when considering whether the ALJ's assessment of a claimant's RFC is supported by substantial

evidence, the court must do more than simply look at the words used in the assessment. Instead, the court must determine whether the restrictions in the RFC accurately reflect all of the claimant's limitations that are supported by the record. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014).

As for the ALJ's assessment of Zeatlow's RFC in this case, Zeatlow quotes only part of it. The full portion of the assessment related to mental limitations states the following:

> The claimant is . . . limited to understanding, remember[ing] and carrying out only simple instructions and routine tasks in a work environment with no fast-paced production rate and only occasional changes in the work duties. The claimant can tolerate only occasional interaction with the general public and frequent interaction with co-workers and supervisors . . . [T]he claimant will routinely be off-task (defined as being available at the work station but distracted from work performance) from work performance, but not more than ten percent of the work period, in addition to regularly scheduled breaks.

R. 28.[1]

Zeatlow doesn't identify any limitations supported by the record that are missing from this part of the RFC, so she is not entitled to relief. *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016) (claimant not entitled to relief if she "does not identify medical evidence that would justify further restrictions"). Attached to Zeatlow's brief is the 2011 mental residual functional capacity assessment of Roger Rattan, an agency consultant whose assessment relied on statements of Zeatlow's then-physician, Douglas Soat. R. 884. Zeatlow doesn't explain why she attached the Rattan's assessment, but it doesn't undermine the ALJ's decision.

The ALJ gave Soat's statements "very little weight" because they were "very dated," R. 31, a conclusion that Zeatlow doesn't challenge. But even if the court assumes that Rattan

---

[1] Record cites are to the administrative transcript, located at Dkt. 7.

and Soat's opinions were entitled to deference, those opinions are consistent with the ALJ's assessment. Rattan wrote that Zeatlow "appears to be capable of understanding, remembering, and carrying out simple instructions"; "[s]he may be able to respond appropriately to supervisors and coworkers"; "[h]er work pace may be a bit slower than that of others;" [s]he may have problems at times maintaining her concentration and attention"; "[s]he may be able to adapt to changes in the work place"; "[s]he said that job changes would not bother her"; and "[s]he may have some problems withstanding routine work stresses." R. 884. These limitations track those in the ALJ's assessment related to following instructions, working at a slower place, adapting to changes in work duties, and interacting with coworkers.

The ALJ did not expressly state in the RFC that Zeatlow has "problems at times maintaining concentration and attention," but he did specify in the RFC that Zeatlow would be distracted from work performance and would have to be off-task up to ten percent of the time. In the absence of any argument from Zeatlow that the record supports additional restrictions related to concentration, the court sees no error with the ALJ's assessment of Zeatlow's RFC.

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered February 8, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge